United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 03-50015
Summary Calendar

TAMMY A. THOMAS,

Plaintiff-Appellant,

VERSUS

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas, San Antonio Division

(SA-01-CV-677)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Tammy Thomas appeals from the district court's grant of summary judgment to defendant the Texas Dept. of Criminal Justice (TDCJ) in her claims alleging disability discrimination in violation of the Texas Labor Code, race discrimination in violation of Title VII, and illegal retaliation through creation of a hostile

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

workplace environment.  We review the district court's grant of summary judgment de novo, employing the same criteria used in that court.  Rogers v. International Marine Terminals, 87 F.3d 755, 758 (5th Cir. 1996).

Thomas first argues that the district court erred in granting TDCJ summary judgment on her claim alleging discrimination under the Texas Labor Code.  TEX. LAB. CODE ANN. § 21.051 (Vernon 2002).  While Thomas acknowledges she is not "disabled" in terms of the statute, she claims that the TDCJ regarded her as such, bringing her within the ambit of Texas anti-discrimination law.  This argument is meritless however, as Thomas had not adduced sufficient evidence to create a genuine issue of material fact as to whether the TDCJ regarded her as disabled.  Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996).

Thomas next argues that the district court incorrectly granted the TDCJ summary judgment on her race discrimination claim.  The district court found that Thomas did not suffer from an adverse employment action, and therefore did not make out a prima facie case of race discrimination.  Okoye v. Tex. Houston Health Science Ctr., 245 F.3d 507, 513 (5th Cir. 2001); Burger v. Central Apartment Management, Inc., 168 F.3d 875, 879-80 (5th Cir. 1999).  Because Thomas does not directly contest this determination, her appeal on this ground is waived for inadequate briefing.  Raven Servs. Corp. v. NLRB, 315 F.3d 499, 504 n.7 (5th Cir. 2002).

Thomas finally appeals from the district court's determination

-2-

that she failed to create a genuine issue of material fact on her hostile workplace retaliation claim.  Because Thomas offers no more than mere conclusory assertions that the TDCJ workplace was hostile, summary judgment was proper.  <u>Ramsey v. Henderson</u>, 286 F.3d 264, 269 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.